UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A<br><br>Plaintiff,<br><br>v.<br><br>LOS PRADOS COMMUNITY ASSOCIATION *et al.*,<br><br>Defendants. | Case No. 2:16-cv-02493-RFB-BNW<br><br>**ORDER** |

**I.     INTRODUCTION**

Before the Court are Plaintiff Bank of America, N.A.'s ("BANA") Motion for Summary Judgment and Defendant Summit Real Estate Group, Inc.'s ("Summit") Motion for Summary Judgment. ECF Nos. 55, 58. For the following reasons, the Court grants Plaintiff's Motion for Summary Judgment.

**II.    PROCEDURAL BACKGROUND**

BANA began this case by filing a complaint against Defendants on October 26, 2016. ECF No. 1. The complaint sought declaratory relief that a HOA nonjudicial foreclosure sale conducted under Chapter 16 of the Nevada Revised Statutes ("NRS") in 2013 did not extinguish a deed of trust it held on a Las Vegas property. Id. This case was stayed from June 1, 2017 to April 10, 2019. ECF Nos. 29, 33. This case was again stayed from October 17, 2019 to May 21, 2020. ECF Nos. 48, 45. On June 1, 2020, Plaintiff filed a motion for summary judgment. ECF No. 55. On June 22,

2020, Defendants filed a response and Plaintiff filed a reply on July 27, 2020. ECF Nos. 55,57,65. Also on June 22, 2020, Defendants filed a motion for summary judgment. ECF No. 58. Plaintiff filed a response on July 13, 2020 and Defendants filed a reply on July 27, 2020. ECF Nos. 63,66. On March 10, 2021, this Court held a hearing regarding both motions. ECF No. 69.

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts. [1]

#### a. Undisputed facts

On August 16, 2010, Walter Balinski refinanced the property at 5037 Cedar Lawn Way, Las Vegas, Nevada 89130 by way of a $227,674.00 loan secured by a deed of trust. The senior deed of trust was first assigned to BANA, then to the Secretary of Housing and Urban Development, then to MCM Capital Partners, LLC, as trustee for Ventures Trust 2013-I-NH, and then back to BANA. The property sits within a Homeowners Association, Los Prados Community Association ("Los Prados"). Los Prados through its trustee Nevada Association Services ("NAS"), recorded a notice of delinquent assessment lien against the property on January 17, 2012, a notice of default on March 13, 2012, and a notice of sale on July 25, 2012. None of these notices provided the superpriority amount. On April 5, 2012 after Los Prados recorded its notice of default but before the foreclosure sale, BANA, through its former counsel Miles, Bauer, Bergstrom & Winters, LLP ("Miles Bauer"), sent a letter to NAS requesting the superpriority amount. NAS refused to provide the superpriority amount or any statements from which the amount could be calculated. Miles Bauer calculated the superpriority amount by reference to a prior ledger NAS

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure sale. Fed. R. Evid. 201 (b), (d). <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

provided for a different unit in the same community. Miles Bauer tendered a check for $1,361.25, seven months of assessments, to Los Prados through NAS on April 9, 2012. NAS acknowledged receipt but returned the check to Miles Bauer without explanation. On January 18, 2013, Los Prados foreclosed on the property and sold it to Summit for $10,000.00.

### b. Disputed Facts

The parties dispute the legal effect of the facts.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

V.     DISCUSSION

Defendants argue that BANA failed to tender the superpriority amount because it only tendered $1,361.25 which was insufficient because it failed to account for nine months of assessments. This Court disagrees. The relevant statute at the time, NRS 116.3116(2) provided that the superpriority portion of an HOA lien is prior to a first security interest. Based upon a review of the plain language of the statute and of the overall foreclosure scheme under Section 116, the Court finds that when calculating the superpriority amount, the 'trigger date" is when the notice of delinquent assessment lien is recorded as this is the notice which initiates the foreclosure process for unpaid dues. The Court further finds that, under Nevada law, only *unpaid* assessments from the "trigger date" comprise the superpriority amount instead of automatically having to pay nine months of assessments whether unpaid or not. See Bank of America, N.A. v. SFR Investments Pool 1, LLC, 427 P.3d 113, 117 (2018)("[a] plain reading of [NRS 116.3116(2)]indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of *unpaid* assessments.") (emphasis added). This holding is consistent with that of other courts in this District. See Deutsche Bank Nat. Tr. Co v. SFR Invs. Pool 1, LLC, No. 2:14-cv-01131-APG-VCF, 2020 WL 3470304, at *2 (D. Nev. June 24, 2020) (the superpriority amount was "only five months" based on when the notice of delinquent assessment was recorded"); Bank of New York Mellon v. Stone Canyon W. Homeowners Ass'n, 2:16- cv-01904-GMN-CWH, 2019 WL 1261344, at *6 n. 3 (D. Nev. March 19, 2019)("At the time of service of the notice of delinquent assessment lien, Chacon was delinquent on six months' worth of assessments, meaning the common-assessments portion of the HOA superpriority lien was undisputedly less than [the nine months' of assessments]").

Here, BANA calculated the superpriority amount based on the 'trigger date" of when the notice of delinquent assessment lien was recoded. At that time, there were only seven months of unpaid assessment fees instead of nine months. Defendants assert that BANA needed to pay for the additional two months although there were no unpaid fees for those months. However, as the Court has noted, the total amount of the superpriority lien is based upon the unpaid amount of assessments at the time of the filing of the notice. In this case, the amount owed was indeed seven months of delinquent payments instead of nine months; there is no requirement to pay assessment fees for monthly dues which are not delinquent. The Court finds, therefore, that BANA tendered the superpriority amount totaling seven months of assessments and this was enough to satisfy the superiority amount of the HOA lien. Bank of America, N.A. v. SFR Investments Pool 1, LLC, 427 P.3d 113, 117 (2018).

Because it is undisputed that BANA tendered a check with a sufficient superpriority amount of $1,361.25, the foreclosure sale did not extinguish BANA's deed of trust; therefore, this Court grants BANA's motion for summary judgment. [2]

. . .

. . .

. . .

. . .

. . .

. . .

---

[2] Because this Court finds that Plaintiff tendered the superpriority amount, and therefore Plaintiff is entitled to quiet title and declaratory relief on this basis, this Court does not need to address the rest of Plaintiff's summary judgment arguments regarding futility of tender, unfair and inadequate, due process, bona fide purchaser, and as-applied due process.

### VI. CONCLUSION

**IT IS ORDERED** that Plaintiff Bank of America, N.A.'s Motion for Summary Judgment (ECF No. 55) is GRANTED. The Court quiets title and declares that the HOA foreclosure sale did not extinguish Plaintiff Bank of America, N.A.'s deed of trust on the property.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment (ECF No. 58) is DENIED.

**IT IS FURTHER ORDERED** that the Lis Pendens filed in this case (ECF Nos. 3) is expunged. The Clerk of the Court is instructed to close the case and enter judgment accordingly.

DATED: March 22, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**